**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Russell G. Namchek, | ) | Case type: Employment |
| Plaintiff, | ) | **COMPLAINT AND DEMAND FOR A JURY TRIAL ON ALL COUNTS TRIABLE** |
| vs. | ) | |
| Itasca County, | ) | Civil Action No.: |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorney Philip G. Villaume and for a Complaint against the Defendant, states and alleges as follows:

**PARTIES**

1. The Plaintiff, Russell G. Namchek (hereinafter also referred to as "Mr. Namchek" or "Plaintiff") is, and at all times relevant to the actions complained of herein has been, a resident of the City of Grand Rapids, County of Itasca, State of Minnesota.

2. The Defendant, Itasca County (hereinafter also "Itasca County"), is located in the County of Itasca, State of Minnesota, having one business address located at 123 NE 4th Street, Grand Rapids, MN 55744. Itasca County includes any and all affiliates, departments, extensions, employees, and agencies of Itasca County.

## JURISDICTION

3. This court has jurisdiction over this matter because the Plaintiff resides in Itasca County, Minnesota; because the Defendant operates in and conducts a significant amount of business in Itasca County, Minnesota; because the claims stated are federal questions; and because Minnesota Federal Courts have concurrent jurisdiction over the state claims stated in this complaint.

## FACTS

4. On approximately February 11, 1991, the Plaintiff was hired by the Defendant. Most recently, the Plaintiff was employed as an Assessor/Appraiser II, Income Qualified, Certified Minnesota Assessor, for the Defendant.

5. On approximately November 19, 2013, the Plaintiff filed a complaint with the Minnesota Department of Revenue ("DOR") and, in good faith, reported that the Defendant was not adhering to DOR criteria, a violation of the law or rules.

6. On approximately January 8, 2014, the DOR began investigating the Plaintiff's November 19, 2014 complaint.

7. In approximately January of 2014, the Defendant began an internal investigation into the Plaintiff's DOR complaint.

8. On approximately March 9, 2014, the Plaintiff, in good faith, filed a formal complaint against the Defendant for violations of the law.

9. The Plaintiff was born in 1954.

10. The Plaintiff has been diagnosed with anxiety, depression, and a stress condition (disabilities). The Plaintiff has made the Defendant aware of his disabilities. Due to the Plaintiff's disabilities, he has been prescribed medications, undergone necessary treatment, and has had to request reasonable accommodations from the Defendant.

11. On approximately March 5, 2014, the Defendant's Administrator, Trish Klein – Harren ("Ms. Klein") told the Plaintiff that he would not be given the opportunity to advance in his career with the Defendant. This was an adverse employment action taken because of the Plaintiff's good faith reports of violations of the law and disabilities and requests for accommodation.

12. On approximately March 9, 2014, the Plaintiff filed a formal complaint with the Defendant. This complaint was filed, in good faith, in an effort to report violations of the law.

13. On approximately March 28, 2014, the plaintiff took leave under the Family Medical Leave Act ("FMLA") because of his disabilities.

14. The Defendant has changed the Plaintiff's work obligations, harassed the Plaintiff, and has created a hostile work environment for the Plaintiff because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, and in retaliation for his statutorily protected conduct.

15. On approximately April 21, 2014, the Plaintiff returned from FMLA leave.

16. In approximately December of 2014 the Defendant assigned the Plaintiff life coaches. Despite ongoing investigations into the Plaintiff's complaints, the life coaches questioned the Plaintiff extensively on the "complaints that he filed against the [Defendant]." The Plaintiff was required to attend multiple coaching sessions from 2014 through 2015. This was an adverse employment action taken because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, and in retaliation for his statutorily protected conduct.

17. In approximately December of 2014 and January of 2015, Ms. Klein again told the Plaintiff that he would not be given the opportunity to advance in his career with the Defendant. This was an adverse employment action taken because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, and in retaliation for his statutorily protected conduct.

18. In approximately December of 2014, the Plaintiff requested a reasonable accommodation for his disabilities from the Defendant. Specifically, the Plaintiff made a written request to be assigned to "an alternative work location with limited personal contact with the individuals who have caused [Plaintiff's] stress."

19. On approximately December 16, 2014, the Defendant denied the Plaintiff's request for a reasonable accommodation and did not engage in the interactive process.

20. On approximately January 29, 2015, the Plaintiff provided the Defendant with a letter from a mental health professional again requesting the above reasonable accommodation for his disabilities.

21. On approximately February 4, 2015, the Plaintiff had a meeting with Lynn Hart ("Ms. Hart"), the Defendant's Director of Human Resources, and discussed his requested accommodation.

22. On approximately February 20, 2015, the Plaintiff was informed by his medical provider that his disabilities were affected by his "toxic work environment." The Plaintiff endured a hostile work environment which included, but was not limited to, harassment, intimidation, discrimination, and other adverse employment actions which was all based on the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, and in retaliation for his statutorily protected conduct.

23. On approximately March 6, 2015, the Plaintiff met with Ms. Hart to again discuss his request for reasonable accommodation. The Plaintiff explained that his supervisor was not working out and that he was still requesting the above accommodation.

24. On or about April 15, 2015, the Plaintiff filed a charge of age, disabilities, and retaliation discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

25. Following the Plaintiff's EEOC complaint, the Defendant subjected the Plaintiff to adverse employment actions.

26. On approximately August 25, 2015, based on the treatment of the Plaintiff by the Defendant, along with the Plaintiff's fear of further retaliation and discrimination as well as the fact that the Defendant failed to provide reasonable accommodations for the Plaintiff's disabilities and hostile work environment, the Plaintiff submitted a resignation letter (early retirement) to the Defendant.

27. The Plaintiff had to resign (take early retirement) his employment with the Defendant in order to escape intolerable and hostile working conditions caused by the illegal discrimination and retaliation of the Defendant.

28. The Defendant constructively discharged the Plaintiff from his employment.

29. During the Plaintiff's employment with the Defendant, the Plaintiff was not given reasonable accommodations from the Defendant, nor did the Defendant participate in good faith in an informal interactive process to identify the limitations caused by the Plaintiff's disabilities.

30. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and applied for, and performed his job in a manner which fully met the Defendant's legitimate expectations.

31. The Defendant has subjected the Plaintiff to adverse employment actions because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

32. During the Plaintiff's employment, the Defendant changed the Plaintiff's work obligations, harassed the Plaintiff, bullied the Plaintiff, intimidated the Plaintiff, and has created a hostile work environment for the Plaintiff because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

33. During the Plaintiff's employment, the Plaintiff has been uninvited to the Defendant's strategy meetings and leadership meetings because of Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a

result of his disabilities and for otherwise engaging in statutorily protected activity. These are adverse employment actions.

34. During the Plaintiff's employment, the Plaintiff was denied advancement opportunities and training programs within the Defendant because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity. These are adverse employment actions taken because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

35. Following the Plaintiff's requests for accommodation, engagement in statutorily protected conduct such as taking FMLA leave, EEOC complaint, and good faith reports of violations of the law and continuing up and through the Plaintiff's resignation (early retirement), the Plaintiff had been denied overtime hours, promotions, training sessions, and advancement opportunities by the Defendant. These are adverse employment actions taken because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

36. Under the Americans with Disabilities Act (hereinafter "ADA") and the Minnesota Department of Human Rights Act (hereinafter "MDHRA"), Plaintiff's disabilities affected major life activities and those activities that are of central importance to daily life.

37. The Plaintiff is a disabled person within the meaning of ADA and the MDHRA.

38. All of the Plaintiff's reports explained in this Complaint were made in good faith to expose violations of state or federal law, or rules, or regulations.

39. Plaintiff could initiate litigation of a disabilities claim and retaliation claim under the ADA by filing a charge with the EEOC. Plaintiff could also initiate litigation regarding an age discrimination claim under the Age Discrimination in Employment Act ("ADEA") by filing a charge with the EEOC.

40. On or about August 27, 2015, the Plaintiff was provided, by mail, the notice of his right to file suit from the EEOC.

41. On or about September 28, 2015, the Plaintiff was provided, by mail, the notice of his right to file suit from the MDHR.

42. The Defendant took adverse employment actions against the Plaintiff, including but not limited to, failing to promote the Plaintiff, denying the Plaintiff training opportunities, threatening the Plaintiff, constructively discharging the Plaintiff's employment, and taking other false and pretextual disciplinary actions against the Plaintiff.

43. The adverse employment actions taken by the Defendant against the Plaintiff were based on the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities.

44. At all relevant times, the Plaintiff could perform the essential functions of his job.

45. As a direct result of Defendant's illegal actions, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

## COUNT I
## DEFENDANT AND ITS EMPLOYEES, DISABILITY DISCRIMINATION IN VIOLATION OF STATE LAW

Plaintiff, for his first cause of action against Defendant and its employees alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

46. The Plaintiff has been diagnosed with anxiety, depression, and a stress condition (disabilities). The Plaintiff has made the Defendant aware of his disabilities. Due to the Plaintiff's disabilities, he has been prescribed medications, undergone necessary treatment, and has had to request reasonable accommodations from the Defendant.

47. The Plaintiff is a disabled person within the meaning of Minn. Stat. § 363A.01, et. al., the Minnesota Human Rights Act (hereinafter "MHRA").

48. The Plaintiff is suffering from disabilities within the meaning defined in the MHRA.

49. Throughout the Plaintiff's employment with the Defendant, the Plaintiff made numerous requests for reasonable accommodations for his disabilities. The Defendant failed to provide the Plaintiff with reasonable accommodations. The Plaintiff's accommodations were actually taken away for false and pretextual reasons.

50. The Plaintiff's reasonable accommodations were not a hardship to the Defendant.

51. As explained above, the Defendant has subjected the Plaintiff to numerous adverse employment actions because of the Plaintiff's disabilities.

52. The Defendant took adverse employment actions against the Plaintiff, including but not limited to, failing to promote the Plaintiff, denying the Plaintiff training opportunities, threatening the Plaintiff, constructively discharging the Plaintiff's employment, and taking other false and pretextual disciplinary actions against the Plaintiff.

53. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held, and performed his job in a manner which fully met the Defendant's legitimate expectations.

54. During the Plaintiff's employment with the Defendant, the Plaintiff was been denied reasonable accommodations from the Defendant, and the Defendant failed to participate in a good faith informal interactive process to identify the limitations caused by the Plaintiff's disabilities.

55. Defendant's adverse employment actions against the Plaintiff (including failure to promote or hire) were based on the Plaintiff's disabilities and are direct violations of the MHRA. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

56. As a direct and proximate result of Defendant's violations of the MHRA, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

57. Defendant's actions were willful and wanton and denied the Plaintiff his rights protected under the MHRA.

## COUNT II
## DEFENDANT AND ITS EMPLOYEES, AMERICANS WITH DISABILITY DISCRIMINATION IN VIOLATION OF FEDERAL LAW

Plaintiff, for his second cause of action against the Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

58. The Plaintiff has been diagnosed with anxiety, depression, and a stress condition (disabilities). The Plaintiff has made the Defendant aware of his disabilities. Due to the Plaintiff's disabilities, he has been prescribed medications, undergone necessary treatment, and has had to request reasonable accommodations from the Defendant.

59. The Plaintiff has disabilities within the meaning defined in the ADA.

60. Throughout the Plaintiff's employment with the Defendant, the Plaintiff made numerous requests for reasonable accommodations for his disabilities. The Defendant failed to provide the Plaintiff with reasonable accommodations. The Plaintiff's accommodations were actually taken away for false and pretextual reasons.

61. The Plaintiff's reasonable accommodations were not a hardship to the Defendant.

62. As explained above, the Defendant has subjected the Plaintiff to numerous adverse employment actions because of the Plaintiff's disabilities.

63. Defendant's adverse employment actions against the Plaintiff (including failure to promote or hire) were based on the Plaintiff's disabilities and are direct violations of federal law. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

64. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held, and performed his job in a manner which fully met the Defendant's legitimate expectations.

65. During the Plaintiff's employment with the Defendant, the Plaintiff has been denied reasonable accommodations from the Defendant, and the Defendant failed to participate in a good faith informal interactive process to identify the limitations caused by the Plaintiff's disabilities.

66. Defendant's adverse employment actions against the Plaintiff (including termination) were based on the Plaintiff's disabilities and are direct violations of the ADA.

67. Defendant's adverse employment actions against the Plaintiff) were based on the Plaintiff's disabilities and are direct violations of the ADA.

68. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

69. Defendant's actions were willful and wanton and denied the Plaintiff his rights protected under the ADA.

**COUNT III**
**DEFENDANT AND ITS EMPLOYEES**
**RETALIATION IN VIOLATION OF STATE LAW**

Plaintiff, for his third cause of action against Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

70. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed his job in a manner which fully met the Defendant's legitimate expectations.

71. Throughout the Plaintiff's employment with the Defendant, the Plaintiff made numerous requests for reasonable accommodations for his disabilities. The Defendant failed to provide the Plaintiff with reasonable accommodations. The Plaintiff's accommodations were actually taken away for false and pretextual

reasons.

72. The Plaintiff's reasonable accommodations were not a hardship to the Defendant.

73. As explained above, the Defendant has subjected the Plaintiff to numerous adverse employment actions because of the Plaintiff's EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

74. Defendant's adverse employment actions against the Plaintiff were based on the Plaintiff's disabilities and are direct violations of the MHRA. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

75. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and applied for, and performed his job in a manner which fully met the Defendant's legitimate expectations.

76. During the Plaintiff's employment with the Defendant, the Plaintiff has been denied reasonable accommodations from the Defendant, and the Defendant failed to participate in a good faith informal interactive process to identify the limitations caused by the Plaintiff's disabilities.

77. Defendant could have made reasonable accommodations available for the Plaintiff.

78. Defendant refused to participate in the interactive process and refused to provide the Plaintiff with accommodations for his disabilities.

79. The adverse actions taken against the Plaintiff were in retaliation for the Plaintiff's FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

80. Defendant's actions were willful and wanton and denied the Plaintiff his rights protected under state law.

81. Defendant's adverse employment actions against the Plaintiff were because of the Plaintiff's disabilities, good faith reports of violations of the law, FMLA request, EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

82. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

**COUNT IV**
**DEFENDANT AND ITS EMPLOYEES**
**RETALIATION IN VIOLATION OF FEDERAL LAW**

Plaintiff, for his fourth cause of action against Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

83. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed his job in a manner which fully met the Defendant's legitimate expectations.

84. Throughout the Plaintiff's employment with the Defendant, the Plaintiff made numerous requests for reasonable accommodations for his disabilities. The Defendant failed to provide the Plaintiff with reasonable accommodations. The Plaintiff's accommodations were actually taken away for false and pretextual reasons.

85. The Plaintiff's reasonable accommodations were not a hardship to the Defendant.

86. As explained above, the Defendant has subjected the Plaintiff to numerous adverse employment actions because of the Plaintiff's EEOC complaint, and in retaliation for his requests for reasonable accommodations as a result of his disabilities and for otherwise engaging in statutorily protected activity.

87. Defendant's adverse employment actions against the Plaintiff were based on the Plaintiff's disabilities and are direct violations of federal law. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

88. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and applied for, and performed his job in a manner which fully met the Defendant's legitimate expectations.

89. During the Plaintiff's employment with the Defendant, the Plaintiff has been denied reasonable accommodations from the Defendant, and the Defendant failed to participate in a good faith informal interactive process to identify the limitations caused by the Plaintiff's disabilities.

90.    Defendant could have made reasonable accommodations available for the
       Plaintiff.

91.    Defendant refused to participate in the interactive process and refused to provide
       the Plaintiff with accommodations for his disabilities.

92.    The adverse actions taken against the Plaintiff were in retaliation for the Plaintiff's
       FMLA request, EEOC complaint, and in retaliation for his requests for reasonable
       accommodations as a result of his disabilities and for otherwise engaging in
       statutorily protected activity.

93.    Defendant's actions were willful and wanton and denied the Plaintiff his rights
       protected under federal law.

94.    As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered
       lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental
       anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and
       other out of pocket expenses. All of these damages are in an amount yet to be
       determined but are believed to be in an amount exceeding $50,000.00.

**COUNT V**
**DEFENDANT AND ITS EMPLOYEES**
**WHISTLE BLOWER VIOLATIONS IN VIOLATION OF STATE LAW**

Plaintiff, for his fifth cause of action against the Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

95. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed his job in a manner which fully met the Defendant's legitimate expectations.

96. That Plaintiff engaged in statutorily protected conduct when he reported violations of the laws or rules. Specifically, Plaintiff engaged in statutorily protected conduct when he filed complaints with the Defendant, filed a complaint with the DOR, and otherwise reported, in good faith, violations of the law or rules.

97. The Plaintiff is considered to be within the meaning of a protected class as defined under Minn. Stat. § 181.932, the Whistle Blower Statute.

98. In response to the Plaintiff's good faith reports, complaints, and the Plaintiff's other statutorily protected conduct, the Plaintiff was subjected to adverse employment actions by the Defendant.

99. Defendant's adverse employment actions against the Plaintiff were based on the Plaintiff's disabilities and are direct violations of the MHRA. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

100. There is a causal connection between the Plaintiff's reports of the violations of law or policies or rules and the Defendant taking adverse employment actions against the Plaintiff.

101. All of the Plaintiff's reports explained in this Complaint were made in good faith to expose violations of state or federal law, or rules, or regulations.

102. The Defendant's actions constitute a violation of Minn. Stat. § 181.932, the Whistle Blower Statute.

103. As a direct and proximate result of Defendant's conduct described above and elsewhere in this Complaint, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

**COUNT VI**
**DEFENDANT AND ITS EMPLOYEES**
**RETALIATION/REPRISAL IN VIOLATION OF THE WHISTLE BLOWER STATUTE**

Plaintiff, for his sixth cause of action against the Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

104. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed his job in a manner which fully met the Defendant's legitimate expectations.

105. The Plaintiff is considered to be within the meaning of a protected class as defined under the Whistle Blower Statute.

106. Plaintiff in this matter has been intimidated, retaliated, and harassed by the Defendant as a result of his reporting, opposing, and filing complaints of violations of the laws or regulations or rules. Specifically, Plaintiff engaged in statutorily protected conduct when he filed complaints with the Defendant, filed a complaint with the DOR, and otherwise reported, in good faith, violations of the law or rules.

107. Adverse actions were taken against the Plaintiff by the Defendant because of the Plaintiff's good faith reports of violations of laws and rules.

108. Defendant's adverse employment actions against the Plaintiff were based on the Plaintiff's disabilities and are direct violations of the MHRA. These adverse employment actions included but are not limited to: 1) bullying (swearing and yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to provide the Plaintiff accommodations for his disabilities; and 7) constructively discharging the Plaintiff's employment.

109. There is a causal connection between the Plaintiff's reports of the violations of law or policies or rules and the Defendant taking adverse employment actions against the Plaintiff.

110. Defendant's actions and inactions constitute reprisal and retaliation under Minn. Stat. § 181.932, the Whistle Blower Statute.

111. As a direct and proximate result of Defendant's conduct described above and elsewhere in this Complaint, Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees, and other out of pocket expenses. All of these damages are in an amount yet to be determined but are believed to be in an amount exceeding $50,000.00.

## COUNT VII
## DEFENDANT AND ITS EMPLOYEES, RETALATION/REPRISAL/INTERFERENCE DISCRIMINATION IN VIOLATION OF FEDERAL LAW – FAMILY MEDICAL LEAVE ACT

Plaintiff, for his seventh cause of action against the Defendant and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth above this count and further alleges that:

112. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the positions which he held and performed his job in a manner which fully met the Defendant's legitimate expectations.

113. At all times relevant the Plaintiff was an eligible employee under the Family Medical Leave Act.

114. On approximately March 28, 2014, the plaintiff took leave under the FMLA because of his disabilities.

115. The Defendant has subjected the Plaintiff to adverse employment actions because of the Plaintiff's FMLA request.

116.   Defendant's adverse employment actions against the Plaintiff were based on the
       Plaintiff's disabilities and are direct violations of the MHRA. These adverse
       employment actions included but are not limited to: 1) bullying (swearing and
       yelling); 2) refusing to allow the Plaintiff to advance his career; 3) refusing to
       allow the Plaintiff overtime; 4) refusing to allow the Plaintiff to attend training
       sessions; 5) mandating that the Plaintiff attend coaching sessions; 6) refusing to
       provide the Plaintiff accommodations for his disabilities; and 7) constructively
       discharging the Plaintiff's employment.

117.   Defendant's adverse employment actions against the Plaintiff were based on the
       Plaintiff's FMLA request.

118.   The Defendant's adverse employment actions against the Plaintiff constituted
       interference with the Plaintiff's rights under the FMLA.

119.   Defendant's adverse employment actions against the Plaintiff constituted
       retaliation for Plaintiff exercising his rights under the FMLA.

120.   The Defendant retaliated against the Plaintiff for filing for FMLA leave
       pursuant to 29 U.S.C. § 2615 et al.

121.   As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff
       has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering,
       mental anguish, adverse health conditions, loss of fringe benefits, attorneys' fees,
       and other out of pocket expenses. All of these damages are in an amount yet to be
       determined but are believed to be in an amount exceeding $50,000.00.

122. Defendant's actions were willful and wanton and denied the Plaintiff his rights protected under the FMLA.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for a reasonable amount, together with costs, disbursements, reasonable attorneys' fees, all damages enumerated under the ADA, the ADEA, the MDHRA, FMLA, any and all allowable punitive and liquidated damages, statutory prejudgment interest herein, and any other relief deemed necessary to make the Plaintiff whole.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

**PLAINTIFF RESERVES THE RIGHT TO AMEND HIS COMPLAINT TO ALLEGE PUNITIVE DAMAGES.**

Dated: November 6, 2015

**VILLAUME & SCHIEK, P.A.**

Philip G. Villaume (#112859)
Attorneys for Plaintiff
BLN Office Park
2051 Killebrew Drive, Suite 611
Bloomington, MN 55425
(952) 851-9500

## ACKNOWLEDGMENT

IT IS HEREBY ACKNOWLEDGED that the allegations of this Complaint are well-grounded in fact and are warranted by existing law or good faith argument for its extensions modification reversal. Plaintiff brings this Complaint in good faith and not for any improper purposes. The Plaintiff, acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to Defendant.

Dated: November 6, 2015

**VILLAUME & SCHIEK, P.A.**

Philip G. Villaume (#112859)
Attorneys for Plaintiff
BLN Office Park
2051 Killebrew Drive, Suite 611
Bloomington, MN 55425