UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Russel G. Namchek,                                    Civ. No. 15-CV-04049 (DWF/LIB)

            Plaintiff,

                                                      **ANSWER**

vs.

Itasca County,

                                                      **TRIAL BY JURY DEMANDED**

            Defendant.

_____

Defendant Itasca County as and for its Answer to Plaintiff's Complaint, states and alleges

as follows:

I.

Defendant denies each and every allegation, matter, statement, and thing contained in

Plaintiff's Complaint except as admitted or otherwise qualified herein.

II.

Upon information and belief, Defendant admits the allegations contained in paragraph 1

of Plaintiff's Complaint.

III.

Defendant admits the allegations contained in paragraphs 2 and 3 of Plaintiff's

Complaint.

IV.

With regard to the allegations contained in paragraph 4 of Plaintiff's Complaint,

Defendant admits that Plaintiff became an employee of Itasca County on or about February 11,

1991, and that he was most recently employed as an Assessor/Appraiser II.  With regard to the

remaining allegations contained in said paragraph, Defendant alleges that the reference to

"CMA, Income Qualified" was not part of Plaintiff's job title with Defendant and is instead more

appropriately described as the licenses held by Plaintiff.

V.

With regard to the allegations contained in paragraph 5 of Plaintiff's Complaint, upon

information and belief, Defendant admits that Plaintiff contacted the Department of Revenue

regarding some concerns he had but is unable to admit or deny that the reports were made in

good faith and therefore denies same and puts Plaintiff to his strict proof thereof.

VI.

Upon information and belief, Defendant admits the allegations contained in paragraph 6

of Plaintiff's Complaint.

VII.

With regard to the allegations contained in paragraph 7 of Plaintiff's Complaint,

Defendant admits that an investigation into a workplace complaint made by another employee

began in January 2014.  Defendant denies the remaining allegations contained in said paragraph.

VIII.

With regard to the allegations contained in paragraph 8 of Plaintiff's Complaint,

Defendant admits that on or about March 9, 2014, following an interview by an independent

investigator hired by Defendant, Plaintiff filed an internal complaint against his supervisors but

is unable to admit or deny that such complaint was filed in a good faith effort to report violations

of law and therefore denies same and puts Plaintiff to his strict proof thereof.

IX.

Upon information and belief, Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

X.

With regard to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff has advised Defendant's Human Resources Director Lynn Hart that he was diagnosed with anxiety and depression for which he has sought and obtained medical treatment and medication and that he sought accommodations from Defendant for such conditions, but based on the information currently known Defendant is unable to admit or deny that such conditions constitute "disabilities" and therefore denies same. Defendant denies the remaining allegations contained in said paragraph.

XI.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

XII.

With regard to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant admits that on or about March 9, 2014, following an interview by an independent investigator hired by Defendant, Plaintiff filed an internal complaint against his supervisors but is unable to admit or deny that such complaint was filed in a good faith effort to report violations of law and therefore denies same and puts Plaintiff to his strict proof thereof.

XIII.

With regard to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff was granted FMLA leave beginning March 27, 2014.

XIV.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

XV.

With regard to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff returned from FMLA leave on or about April 20, 2014.

XVI.

With regard to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendant admits that in late 2014, Defendant retained professional services to assist the employee in the Assessor's Office, including Plaintiff, in improving the work place.  Defendant is unable to admit or deny the allegations contained in said paragraph about exactly what the retained professionals said to Plaintiff about the investigation and the complaints made by Plaintiff and therefore denies same and puts Plaintiff to his strict proof thereof. Defendant denies the remaining allegations contained in said paragraph.

XVII.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

XVIII.

With regard to the allegations contained in paragraph 18 of  Plaintiff's Complaint, Defendant admits that after it was decided that Plaintiff's work space would be returned to the Assessor's Office, Plaintiff asked for his work space to be retained outside of the Assessor's Office and that his contact with his supervisors and others in the Assessor's Office be limited. Defendant denies the remaining allegations contained in said paragraph.

XIX.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

4

XX.

Defendant admits the allegations contained in paragraphs 20 and 21 of Plaintiff's Complaint.

XXI.

With regard to the allegations contained in paragraph 22 of Plaintiff's Complaint, Defendant is unable to admit or deny what Plaintiff was informed by his medical provider and therefore denies same and puts Plaintiff to his strict proof thereof.  Defendant denies the remaining allegations contained in said paragraph.

XXII.

Defendant admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

XXIII.

Upon information and belief, Defendant admits the allegations contained in paragraph 24 of Plaintiff's Complaint.

XXIV.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

XXV.

With regard to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant admits that on or about August 25, 2015, Plaintiff submitted a letter of resignation to Defendant and provided notice of his intent to retire. Defendant denies the remaining allegations contained in said paragraph.

XXVI.

Defendant denies the allegations contained in paragraphs 27, 28, and 29 of Plaintiff's Complaint.

XXVII.

With regard to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

XXVIII.

Defendant denies the allegations contained in paragraphs 31, 32, 33, 34, and 35 of Plaintiff's Complaint.

XXIX.

With regard to the allegations contained in paragraph 36 of Plaintiff's Complaint, Defendant is unable to admit or deny that Plaintiff's alleged disabilities affected major life activities and those activities that are of central importance to daily life and therefore denies same and puts Plaintiff to his strict proof thereof. Defendant maintains that the reference to the Americans with Disabilities Act ("ADA") and Minnesota Department of Human Rights Act (sic) are legal issues to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

XXX.

Defendant maintains that the allegations contained in paragraph 37 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

XXXI.

With regard to the allegations contained in paragraph 38 of Plaintiff's Complaint, Defendant is unable to admit or deny that all of Plaintiff's reports explained in the Complaint

6

were made in good faith to expose violations of state or federal laws, or rules, or regulations and therefore denies same and puts Plaintiff to his strict proof thereof.

## XXXII.

Defendant maintains that the allegations contained in paragraph 39 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

## XXXIII.

Upon information and belief, Defendant admits the allegations contained in paragraphs 40 and 41 of Plaintiff's Complaint.

## XXXIV.

Defendant denies the allegations contained in paragraphs 42 and 43 of Plaintiff's Complaint.

## XXXV.

With regard to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendant admits that Plaintiff for the most part, has been able to perform the essential functions of the position he held but alleges that there have been occasions when Plaintiff was unable to perform the essential functions of his position and, when this has occurred, Plaintiff has been provided with time off of work.

## XXXVI.

Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

## XXXVII.

With regard to the allegations contained in paragraph 46 of Plaintiff's Complaint, Defendant admits that Plaintiff has advised Defendant's Human Resources Director Lynn Hart

that he was diagnosed with anxiety and depression for which he has sought and obtained medical treatment and mediation and that he sought accommodations from Defendant for such conditions, but based on the information currently know is unable to admit or deny that such conditions constitute "disabilities" and therefore denies same.  Defendant denies the remaining allegations contained in said paragraph.

### XXXVIII.

Defendant maintains that the allegations contained in paragraphs 47 and 48 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

### XXXIX.

With regard to the allegations contained in paragraph 49 of Plaintiff's Complaint, Defendant admits that during his employment Plaintiff requested accommodations for his alleged disabilities and Defendant provided reasonable accommodations for same.  Defendant denies the remaining allegations contained in said paragraph.

### XL.

Defendant denies the allegations contained in paragraphs 50, 51, and 52 of Plaintiff's Complaint.

### XLI.

With regard to the allegations contained in paragraph 53 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

XLII.

Defendant denies the allegations contained in paragraphs 54, 55, 56, and 57 of Plaintiff's Complaint.

XLIII.

With regard to the allegations contained in paragraph 58 of Plaintiff's Complaint, Defendant admits that Plaintiff has advised Defendant's Human Resources Director Lynn Hart that he was diagnosed with anxiety and depression for which he has sought and obtained medical treatment and medication and that he sought accommodations from Defendant for such conditions, but based on the information currently know is unable to admit or deny that such conditions constitute "disabilities" and therefore denies same.  Defendant denies the remaining allegations contained in said paragraph.

XLIV.

Defendant maintains that the allegations contained in paragraphs 59 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

XLV.

With regard to the allegations contained in paragraph 60 of Plaintiff's Complaint, Defendant admits that during his employment Plaintiff requested accommodations for his alleged disabilities and Defendant provided reasonable accommodations for same.  Defendant denies the remaining allegations contained in said paragraph.

XLVI.

Defendant denies the allegations contained in paragraphs 61, 62, and 63 of Plaintiff's Complaint.

XLVII.

With regard to the allegations contained in paragraph 64 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

XLVIII.

Defendant denies the allegations contained in paragraphs 65, 66, 67, 68 and 69 of Plaintiff's Complaint.

XLIX.

With regard to the allegations contained in paragraph 70 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

L.

With regard to the allegations contained in paragraph 71 of Plaintiff's Complaint, Defendant admits that during his employment Plaintiff requested accommodations for his alleged disabilities and Defendant provided reasonable accommodations for same.  Defendant denies the remaining allegations contained in said paragraph.

LI.

Defendant denies the allegations contained in paragraphs 72, 73, and 74 of Plaintiff's Complaint.

LII.

With regard to the allegations contained in paragraph 75 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LIII.

Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

LIV.

With regard to the allegations contained in paragraph 77 of Plaintiff's Complaint, Defendant admits that it did provide reasonable accommodations to Plaintiff.

LV.

Defendant denies the allegations contained in paragraphs 78, 79, 80, 81 and 82 of Plaintiff's Complaint.

LVI.

With regard to the allegations contained in paragraph 83 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LVII.

With regard to the allegations contained in paragraph 84 of Plaintiff's Complaint, Defendant admits that during his employment Plaintiff requested accommodations for his alleged disabilities and Defendant provided reasonable accommodations for same.  Defendant denies the remaining allegations contained in said paragraph.

11

LVIII.

Defendant denies the allegations contained in paragraphs 85, 86 and 87 of Plaintiff's Complaint.

LIX.

With regard to the allegations contained in paragraph 88 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LX.

Defendant denies the allegations contained in paragraph 89 of Plaintiff's Complaint.

LXI.

With regard to the allegations contained in paragraph 90 of Plaintiff's Complaint, Defendant admits that it did provide reasonable accommodations to Plaintiff.

LXII.

Defendant denies the allegations contained in paragraphs 91, 92, 93 and 94 of Plaintiff's Complaint.

LXIII.

With regard to the allegations contained in paragraph 95 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LXIV.

Defendant maintains that the allegations contained in paragraphs 96 and 97 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

LXV.

Defendant denies the allegations contained in paragraphs 98, 99, and 100 of Plaintiff's Complaint.

LXVI.

With regard to the allegations contained in paragraph 101 of Plaintiff's Complaint, Defendant is unable to admit or deny that the complaints made by Plaintiff were made in good faith to expose violations of state or federal law, or rules, or regulations and therefore denies same and puts Plaintiff to his strict proof thereof.

LXVII.

Defendant denies the allegations contained in paragraphs 102 and 103 of Plaintiff's Complaint.

LXVIII.

With regard to the allegations contained in paragraph 104 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LXIX.

Defendant maintains that the allegations contained in paragraph 105 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required but to the extent such pleading is necessary, Defendant denies same.

LXX.

Defendant denies the allegations contained in paragraphs 106, 107, 108, 109, 110 and 111 of Plaintiff's Complaint.

LXXI.

With regard to the allegations contained in paragraph 112 of Plaintiff's Complaint, Defendant admits that Plaintiff was qualified for the position that he most recently held with Defendant and that he generally performed his job in a satisfactory manner but denies that he always performed his job in a manner that fully met Defendant's legitimate expectations.

LXXII.

Defendant admits the allegations contained in paragraph 113 of Plaintiff's Complaint.

LXXIII.

With regard to the allegations contained in paragraph 114 of Plaintiff's Complaint, Defendant admits that Plaintiff applied for and was granted Family and Medical Leave Act Leave and that such leave began on March 27, 2014.

LXXIV.

Defendant denies the allegations contained in paragraphs 115, 116, 117, 118, 119, 120, 121 and 122 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### LXXV.

Defendant alleges, as and for an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### LXXVI.

Defendant alleges, as and for an affirmative defense, that Plaintiff's claims may be barred by the applicable statutes of limitation.

### LXXVII.

Defendant alleges, as and for an affirmative defense, that the doctrines of immunity, including but not limited to, statutory immunity, qualified immunity, official immunity, and discretionary immunity, apply, both directly and vicariously, to shield it from liability for Plaintiff's claims.

### LXXVIII.

Defendant alleges, as and for an affirmative defense, without in any way admitting Plaintiff's allegations, that should liability attach to Defendant, that such liability is limited as provided by Minnesota Statutes §§ 466.04 and 466.06.

### LXXIX.

Defendant alleges, as and for an affirmative defense, that any and all decisions made regarding Plaintiff's employment, including the terms and conditions of same and the accommodations that were provided were reasonable  and appropriate, legitimate and nondiscriminatory and were not in any way related to Plaintiff's exercise of any protected right or activity or any protected class status.

LXXX.

Defendant denies that Plaintiff has sustained any actual damages or mental anguish or suffering and, in the alternative and as and for an affirmative defense, alleges that to the extent that Plaintiff may have sustained or incurred such damages that Plaintiff has failed to mitigate such damages.

LXXXI.

Defendant hereby demands a jury trial on the claims for which a jury is available.

WHEREFORE, Defendant demands the following relief:

1.      That Plaintiff take nothing by his Complaint;

2.      Dismissal of Plaintiff's Complaint, on its merits, in its entirety, and with prejudice;

3.      Payment of its costs, disbursements, and attorney's fees incurred as a result of Plaintiff's Complaint;

4.      A trial by jury on the claims for which a jury is available; and

5.      Any and all other relief as the Court deems just and equitable.

QUINLIVAN & HUGHES, P.A.

Dated: **November 25, 2015**                By:    **/s/ Dyan J. Ebert**
                                                    Dyan J. Ebert #0237966
                                                    Cally R. Kjellberg-Nelson # 0390443
                                                    Attorneys for Defendants
                                                    PO Box 1008
                                                    St. Cloud, MN  56302-1008
                                                    (320) 251-1414
                                                    (320) 251-1415 (Fax)
                                                    debert@quinlivan.com
                                                    ckjellberg-nelson@quinlivan.com