UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Russel G. Namchek, | Civ. No. 15-CV-04049 (WMW/LIB) |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE SUPPLEMENTAL EXPERT REPORT OF MICHAEL R. BEHR, PH.D.** |
| vs. | |
| Itasca County, | |
| Defendant. | |

_____

## INTRODUCTION

Defendant Itasca County respectfully submits this Memorandum of Law in support of its Motion to Exclude the expert opinions found in Plaintiff's Supplemental Expert Report of Michael R. Behr, Ph.D. The Supplemental Expert Report of Dr. Behr provided by Plaintiff to Defendant Itasca County on January 4, 2017 was untimely and the opinions contained therein should be excluded[1].

## PROCEDURAL HISTORY

The Pretrial Scheduling Order in this case provided deadlines for the retention of experts as follows:

> That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.... The Plaintiff's disclosures shall be

---

[1] Defendant Itasca County reserves its right to bring a motion to exclude Dr. Behr under Fed. R. Evid. 702, but acknowledges such a motion would be dispositive in nature pursuant to Local Rule 7.1(c)(6). Since the basis for the present motion is not Fed. R. Evid. 702, Defendant Itasca County brings the non-dispositive before this Court.

> made on or before **September 1, 2016**. The Defendant's disclosures shall be made on or before **October 15, 2016**. Any rebuttal disclosures by Plaintiff shall be made on or before **November 15, 2016**.

Pretrial Scheduling Order (Doc. 9), VII. The Order specifically required the expert report comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and be signed by the expert. Id. The Order provided the following with regard to the discovery deadline: "The period during which the parties must conduct all discovery (whether fact or expert) shall terminate on **December 31, 2016**." Id. at I.

The parties agreed to extend the expert deadlines to allow Plaintiff until October 1, 2016 to serve his expert witness disclosure(s). Stipulation to Amend Scheduling Order (Doc. 15). Under the stipulation, Defendant Itasca County would then have until November 15, 2016 to provide its expert witness disclosure(s). Id.

After a short extension was provided to Plaintiff, Plaintiff disclosed the unsigned expert report of his economist, Dr. William Behr on October 3, 2016. Affidavit of Cally Kjellberg-Nelson, Exhibit A. Dr. Behr opined the following:

- Plaintiff's normal retirement date was to be August 20, 2020
- Plaintiff sustained the loss of employment income of $323,449
- Plaintiff sustained the loss of investment income of $44,627
- Plaintiff's total economic damage is therefore $323,449 + $44,627 = $368,076

Exhibit A, B 1557.

As part of his computation of loss of employment income, Dr. Behr included a column entitled "Sale Back" which totaled $32,344, with no explanation of what "Sale Back" was or how it was calculated. Id. at B 1558.

As part of his computation of loss of investment income, Dr. Behr calculated Plaintiff would have invested $1,302 annually until 2024, then in 2025 he would have invested $1,411, and then for the remaining three years of his calculation Plaintiff would have invested $1,519. Exhibit A, B 1560. Dr. Behr assumed a 7.0% rate of return on investments and determined Plaintiff suffered a $44,627 loss of investment income. Id. at B 1561. The only mention of Nationwide is that it was Plaintiff's top performer. Id.

Although required by Rule 26(a)(2)(B) and the Pretrial Scheduling Order, Dr. Behr's report did not include any mention of the data or other information he considered in forming his opinions. See Exhibit A. On October 5, 2016, Defendant Itasca County asked Plaintiff to supplement his Answers to Interrogatories and disclosure with the information required by Rule 26(a)(2)(B). Kjellberg-Nelson Aff., ¶ 3 & Exhibit B. While Plaintiff provided additional documents following this request, Plaintiff has not provided any additional financial documents in discovery or provided the information required by Rule 26(a)(2)(B). Id. at ¶ 4.

In light of Plaintiff's expert disclosure, Defendant Itasca County chose not to retain an expert to testify at trial and therefore did not provide any expert report. Kjellberg-Nelson Aff., ¶ 5. By stipulation of the parties, discovery was extended to January 13, 2017. Order Granting Stipulation to Amend Scheduling Order (Doc. 21). On January 4, 2017, Plaintiff provided the Supplemental Expert Report of Dr. Behr[2] which

---

[2] Unlike the first report, the Supplemental Report was signed by Dr. Behr.

dramatically changed his opinions regarding the damages suffered by Plaintiff. Kjellberg-Nelson Aff., ¶ 6 & Exhibit C. Dr. Behr now opines the following:

- Plaintiff sustained the loss of employment income of $328,000
    - *An increase of $4,551 from his prior opinion*
- Plaintiff sustained the loss of investment income of $1,449,173
    - *An increase of $1,404,546 from his prior opinion*
- Plaintiff economic loss is therefore $328,300 + $1,449,173 = $1,777,473
    - *A total increase of $1,409,397*

Exhibit C, B 1557. Dr. Behr also now assumes a "normal retirement date" of September 5, 2020, with no explanation as to why it is no longer assumed to be August 20, 2020. Id. at B 1718. Once again, Dr. Behr does not provide a listing of the data or other information he considered in forming his opinions. See Exhibit C.

As part of his computation of loss of employment income, Dr. Behr still includes a column entitled "Sale Back" and now explains the column and how he made his calculations. Exhibit C, B 1718. However, Dr. Behr does not explain why the Sale Back numbers have now changed since his earlier opinion just a few months prior or why he was unable to explain what the Sale Back was in his earlier report. Id.

The most notable change in Dr. Behr's supplemental opinion is found in his computation of loss of investment income. Dr. Behr completely changed his calculations relating to loss of investment income and now also analyzes the investment in Plaintiff's Nationwide account from October 1, 2010 to September 30, 2016. Exhibit C, B 1719. Dr.

Behr's calculations appear to rely on account statements from Nationwide[3] for this time period depicting the beginning balances, contributions/transfers, gains/losses, withdrawals, charges/fees, and ending balances. Id. He now assumes, based on the performance of Plaintiff's Nationwide account from October 2010 to September 30, 2016[4], that Plaintiff would have experienced a compound annual rate of 16.74%. Id. at B 1719-1720.

Dr. Behr no longer assumes Plaintiff would have invested $1,302 annually and instead assumes that after 2017, Plaintiff would have invested $15,600 annually and then for the next three years would have invested $18,200 annually, with all of these contributions experiencing a 16.74% rate of return. Exhibit C, B 1721. After 2021, Dr. Behr assumes Plaintiff's investments would experience a 3.50% rate of return because "Plaintiff intended to pursue a much more conservative investment program." Id. at 1721-1722.

## ARGUMENT

**DR. BEHR'S SUPPLEMENTAL REPORT AND THE OPINIONS CONTAINED THEREIN SHOULD BE EXCLUDED UNDER FED. R. CIV. P. 37(C)(1)**

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to disclose information or identify a witness as required by Rule 26(a) or (e), that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

---

[3] Dr. Behr did not provide a list of the information he relied upon in reaching his opinion, so Defendant Itasca County can only speculate that these numbers are coming from account statements based on the categories of information Dr. Behr identifies.
[4] Notably, this time period pre-dates Dr. Behr's earlier opinion dated October 1, 2016.

unless the failure was substantially justified or is harmless." Where these limited exceptions are not met, exclusion is "mandatory." Transclean Corp. v. Bridgewood Services, Inc., 77 F. Supp. 2d 1045, 1063 (D. Minn. 1999); see also Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (affirming exclusion of expert report submitted after court-imposed deadlines where report was submitted within months of deadline).

There is no justification for Plaintiff's untimely submission of the supplemental report of Dr. Behr. The deadline for Plaintiff's expert disclosure expired on October 1, 2016. While Dr. Behr's most recent report is identified as "supplemental" in nature, it is dramatically different from his prior opinion, even though Plaintiff has not identified, and Defendant Itasca County cannot identify, any new data on which Dr. Behr is basing his supplemental opinion. Additionally, Plaintiff cannot cite to any change in the circumstances or claims in the case that would give rise to the new calculations by Dr. Behr. All of the information on which Dr. Behr states he is basing his calculations were available back in October 2016 when he prepared his original report. Based on this fact alone, Plaintiff is unable to establish a substantial justification for the untimely submission of his expert report and under Rule 37, Dr. Behr's supplemental report and opinions contained therein should be excluded.

The untimely nature of the supplemental opinion is particularly important given the procedural history of this case. Based on the original expert report provided by Plaintiff on October 3, 2016, Defendant Itasca County decided not to retain an expert to testify at trial. Now, well after the expert disclosure deadlines have past, Plaintiff dramatically changes the

6

bases for his damage calculations, leaving Defendant Itasca County with no ability to rebut these opinions with its own expert. Dr. Behr has now changed from assuming a 7.0% rate of return on his investments to now assuming a 16.74% rate of return. While Dr. Behr did not provide the data or information he relied upon in reaching his opinions in his first report, this failure became particularly important in the supplemental report where Dr. Behr seems to rely on Nationwide account statements to make his calculations. Furthermore, the supplemental opinion was disclosed on the eve of the close of discovery, leaving Defendant Itasca County with essentially no time to prepare for and schedule a deposition of Dr. Behr. Plaintiff's failure to timely disclose the opinions of Dr. Behr in accordance with the Court's Scheduling Order should result in the exclusion of these opinions. A delay of trial is not the proper remedy as Plaintiff still has the original opinions of Dr. Behr disclosed in October 2016 to rely upon.

## **CONCLUSION**

For these reasons, Defendant Itasca County respectfully requests the Supplemental Expert Report of Dr. Behr provided by Plaintiff to Defendant Itasca County on January 4, 2017 be excluded as untimely.

QUINLIVAN & HUGHES, P.A.

Dated: January 13, 2017    By:    /s/ Cally R. Kjellberg-Nelson
Dyan J. Ebert #0237966
Cally R. Kjellberg-Nelson # 0390443
Attorneys for Defendant
PO Box 1008
St. Cloud, MN 56302-1008
(320) 251-1414
(320) 251-1415 (Fax)
debert@quinlivan.com
ckjellberg-nelson@quinlivan.com