UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Russell G. Namchek,

    Plaintiff,

vs.

Itasca County,

    Defendant.

Civ. No. 15-CV-04049 (WMW/LIB)

**PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE SUPPLEMENTAL
EXPERT REPORT**

Pursuant to Local Rule 7.1(b), this is the Plaintiff's Response Memorandum to Defendant's Motion to Exclude the Supplemental Expert Report of Michael R. Behr, Ph.D.

### FACTS

On September 30, 2016, the Plaintiff provided an Expert Disclosure to the Defendant's and on October 3, 2016, the Plaintiff provided an Expert Report. (Villaume Aff. Ex. 1; Defendant's Ex. A).

Following the Plaintiff's submission of Dr. Behr's Expert Report, dated October 1, 2016, the Plaintiff believed that the original Expert Report was incomplete and inaccurate. (Villaume Aff.)

In approximately October of 2016, the Plaintiff spoke directly with Dr. Behr and discussed the inaccuracies and incomplete information related to the Expert Report. (Id.)

In approximately November of 2016, Dr. Behr modified his Expert Report; however, the Plaintiff still believed that this modified Expert Report was incomplete and inaccurate. (Id.) As a result, the Plaintiff did not send the modified Expert Report until it was determined to be complete and accurate. (Id.)

Following further discussions between Dr. Behr and the Plaintiff, in approximately December of 2016, Dr. Behr sent the Plaintiff a Supplemental Expert Report, dated December 7, 2016; however, this Expert Report was not sent until it was determined to be complete and accurate. (Id.)

Following discussions, the Supplemental Expert Report, dated December 7, 2016 was determined to be complete and accurate. (Id.) As a result, on approximately January 4, 2017, the Plaintiff served the Defendant with the Supplemental Expert Report of Dr. Behr, dated December 7, 2016. (Id.; Defendant's Ex. C).

The Defendant's Motion stems from the Plaintiff's Supplemental Expert Report, submitted on January 4, 2017. (Defendant's Memo.; Defendant's Ex. C).

ARGUMENT

## A. DR. BEHR'S SUPPLEMENTAL REPORT SHOULD NOT BE EXCLUDED BECAUSE IT WAS SUBMITTED TO CORRECT HIS PREVIOUS REPORT AND WAS TIMELY UNDER FED. R. CIV. P. 26.

Pursuant to this Court's Order Granting Stipulation to Scheduling Order, filed on December 9, 2016, "[t]he period during which the parties must conduct all discovery (whether fact or expert) shall terminate on January 13, 2017." (Doc. 21).

Fed. R. Civ. P. 26(e)(1) explains, in part, that disclosures made under Fed. R. Civ. P. 26(a), "must" be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete of incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"

Fed. R. Civ. P. 26(a)(3) is the Rule pertaining to Pretrial disclosures, which states that such disclosures must be made at least thirty (30) days before trial. The Court's Scheduling Order specifically stated that "each party shall fully supplement all discovery responses according to Rule 26(e), Federal Rules of Civil Procedure…Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial." (Doc. 9).

The Plaintiff timely submitted his first Expert Disclosure, and submitted an Expert Report, giving the Defendant reasonable notice of the opinions that Dr. Behr would express, the witness's name, information, qualifications, publications authored in the previous ten (10) years, and a list of prior cases in which Dr. Behr has testified as an expert. The only issue seems to be that Dr. Behr corrected this initial report after it was deemed to be incomplete or incorrect – discovered after the date for expert report submissions.

The Plaintiff here promptly provided a Supplemental Expert Report to correct inaccuracies in the initial Expert Report and after it was confirmed that the Supplemental Report was correct. The Plaintiff did so pursuant to the Court's Order and the Rules of Civil Procedure, within the timelines because the Supplemental Report was submitted well within the expert discovery deadline.

In essence, "supplemental reports are permitted under Rule 26(e)(1) only in the following situations: (1) upon court order; (2) when the party learns that the earlier information is inaccurate of incomplete; or (3) when answers to discovery requests are inaccurate or incomplete." Wells v. Lamplight Farms, Inc., 303 F.R.D. 530, (N.D. Ia. 2014) (quoting Minebea Co., Ltd. V. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005)) (citation omitted). This is exactly what happened in the current matter. The Plaintiff learned that the initial Expert Report was inaccurate and incomplete. As such, he supplemented this report within the deadline set for expert discovery, the Court's Orders, and Rule 26.

The Plaintiff learned that the initial Expert Report, submitted in October of 2016 was inaccurate and incorrect after there were discussions with the Plaintiff and Dr. Behr. Shortly thereafter, Dr. Behr drafted an updated report, which was still incomplete. Therefore, after receiving the most recent Expert Report, the Plaintiff made sure this Report was complete and accurate, and submitted this Report before the deadline for expert discovery, which is the requirement of the Rules and the Court's Scheduling Order. As such, the Supplemental Expert Report of Dr. Behr is timely and should not be excluded or deemed untimely pursuant to the Federal Rules of Civil Procedure.

## II.	EVEN IF DEEMED TO BE UNTIMELY, THE SUPPLEMENTAL REPORT SHOULD NOT BE EXCLUDED BECAUSE THE LATE SUBMISSION WAS JUSTIFIED AND HARMLESS.

As explained above, the Supplemental Expert Report of Dr. Behr was timely. However, even if the Plaintiff's Supplemental Report is seen as untimely because it was submitted after the deadline for Expert Reports, this Court should still allow the Supplemental Report as evidence moving forward. "Untimely disclosure of an expert opinion triggers Rule 37(c)(1) sanctions, including the exclusion at trial of testimony on undisclosed opinions, unless ' the failure was substantially justified or is harmless.'" Sansom, Inc. v. Qwest Comm. Corp., 683 F.Supp.2d 1043, (D. S.D. 2010) (citing Fed. R. Civ. P. 37(c)(1)). The Supplemental Expert Report of Dr. Behr was submitted before the close of expert discovery and in any event, the date it was submitted was substantially justified and harmless.

"The court should consider four factors in determining whether exclusion is the proper sanction for untimely expert testimony: (1) the importance of the excluded expert testimony; (2) the party's explanation for failure to disclose; (3) the potential prejudice created by permitting use of the expert testimony at trial or on a pending motion; and (4) the ability to cure any prejudice by granting a continuance." (Id.)(citing Transclean Corp. v. Bridgewood Servs., Inc., 101 F.Supp.2d 788, 795 (D. Minn. 2000)).

All four (4) factors weigh in favor of allowing the Supplemental Expert Report of Dr. Behr as evidence moving forward.

To begin, the Supplemental Expert Report relates to the Plaintiff's damages and is clearly important to the Plaintiff's case. It is the Plaintiff's position that this factor weighs in favor of allowing the Supplemental Report because it cannot be said to be anything less than of utmost importance to the Plaintiff's entire lawsuit.

In relation to the second factor, the Plaintiff's reason for not disclosing the Supplemental Report sooner is that the original Report was found to be inaccurate and incomplete after the deadline set for Expert disclosures. In any event, the Supplemental Report was still submitted well before the expiration of expert discovery. The Plaintiff's position is that the Supplemental Report was still submitted before the deadlines for supplementing discovery and the Plaintiff has an extremely valid reason for disclosing this information when he did.

In relation to the third factor, there is no potential prejudice by considering the Supplemental Report because the Defendant already knew of the Expert, the fact that his opinion related to the Plaintiff's damages, as well as the Expert's background and qualifications. If the Defendant seriously had an issue with the Expert allegedly failing to follow the requirements of Fed. R. Civ. P. 26 or failing to explain certain information with more detail, in relation to his first Report, the Defendant would have or should have filed a Motion, like the present Motion, after the initial Report was submitted. The Defendant did not bring a Motion related to the issues it now raises in relation to the

Supplemental Report even though those alleges issues would also have been present in the first Expert Report[1].

The Defendant also could have deposed Dr. Behr after the submission of his first Expert Report to receive the information it now contends is lacking in the present Motion. The Defendant's Exhibit B requesting supplementation does not explain what information was even lacking in Dr. Behr's initial Expert Report. The Plaintiff was and is constantly under the obligation to supplement discovery and will continue to do so, according to the Rules. The Defendant is under the same obligation.

Just like the case in <u>Sancom</u>, here, the Supplemental Report was submitted within one (1) month of obtaining the additional information. (<u>Id.</u>, at 1064 – 1065). Under the circumstances, this Court should also find that the Supplemental Report is "harmless." (<u>Id.</u>, at 1065).

In relation to the fourth factor, no continuance is necessary because the trial ready date set in the Court's Scheduling Order is still more than six (6) months away. The Plaintiff will agree to allow additional expert discovery by the Defendant and there will not be any harm whatsoever to the Defendant even if the Court determines that Dr. Behr untimely supplemented his Expert Report. If a continuance is granted only to the Defendant's ability to conduct expert discovery, there will be no harm, prejudice, or a need for any other continuance.

---

[1] Importantly, the issues raised by the Defendant in its Memorandum are addressed by Exhibit 2 to the affidavit of Philip G. Villaume.

Moreover, if the Defendant still deems it necessary, the Plaintiff is willing to allow Dr. Behr's deposition. The Plaintiff is willing to supplement Dr. Behr's Expert Report to any extent that is reasonable or necessary.

Trial in this case is not scheduled until August of 2017. There will be no need for any continuance in relation to the trial or other deadlines set forth by the Court as the Plaintiff will allow the Defendant to submit rebuttal expert information and to conduct expert discovery. The Expert testimony of Dr. Behr relates purely to damages and will not play a role in a potential Summary Judgment Motion brought in this matter.

As such, even if found to have been untimely, the Plaintiff has shown that he had an extremely valid reason and absolutely no harm or prejudice will be suffered by the Defendant if Dr. Behr's Supplemental Expert Report is allowed as evidence moving forward, especially if the Court allows the Defendant to conduct additional expert discovery in the next few months.

VILLAUME & SCHIEK, P.A.

Dated:  January 20, 2017

Philip G. Villaume (#112859)
Attorney for Plaintiff
2051 Killebrew Dr., Ste. 611
Bloomington, MN 55425
Phone: (952) 851-9500
Fax: (952) 851-9510
pgvassoc@att.net