UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Russel G. Namchek, | Case No. 15-cv-4049 (WMW/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| Itasca County, | |
| Defendant. | |

This matter is before the Court on Plaintiff Russel G. Namchek's objections, (Dkt. 38), to the February 16, 2017 Order of United States Magistrate Judge Leo I. Brisbois excluding as untimely the second expert report of Namchek's forensic economist, Michael Behr, Ph.D, (Dkt. 35). Namchek contends that the magistrate judge erred because (1) the excluded report was "supplemental" and, therefore, timely; and (2) even if untimely, Namchek's failure to timely produce the excluded report is both substantially justified and harmless. According to Namchek, the timing of his production of the excluded report was substantially justified to ensure the report's accuracy; and any alleged prejudice to Defendant Itasca County can be cured. Itasca County counters that Namchek's objections are restatements of the same arguments the magistrate judge rejected, and that Namchek fails to identify any errors of fact or law that warrant reversal.

A magistrate judge has broad discretion over matters of discovery. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013). In light of this discretion, a

district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Shukh*, 295 F.R.D. at 235. Reversal of such an order is warranted only when the magistrate judge's ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A decision is contrary to law when the magistrate judge fails to apply or misapplies relevant statutes, case law or rules of procedure. *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008).

Here, the magistrate judge's order is accurate, well-reasoned and supported by relevant case law. Namchek identifies no errors of fact or law that warrant reversal. Instead, Namchek grounds his objections in an apparent request for the Court to characterize the evidence differently. But acceding to Namchek's request would contravene the Court's application of its "extremely deferential" standard of review. "Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion . . . to manage and define appropriate discovery unless the [m]agistrate [j]udge's determinations were clearly erroneous or contrary to law." *Shukh*, 295 F.R.D. at 238 (internal quotation marks omitted). The

magistrate judge's order excluding the untimely second report of Dr. Behr is neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, Plaintiff Russel G. Namchek's objections, (Dkt. 38), are **OVERRULED** and the February 16, 2017 Order of United States Magistrate Judge Leo I. Brisbois, (Dkt. 35), is **AFFIRMED**.

Dated: March 27, 2017
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge